United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES E. ANDERSON SR.,

Plaintiff,

vs.

LOUDEN, LLC, AND DOES 1–100,

Defendants.

Case No.: 13-cv-02552-YGR

**ORDER REMANDING ACTION TO SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY AND DENYING ALL PENDING MOTIONS AS MOOT**

James Anderson removed this unlawful detainer action from the Alameda County Superior Court on June 6, 2013. (Dkt. No. 1.)[1] Anderson also filed an Application to Proceed *in Forma Pauperis*. (Dkt. No. 2.)

Pursuant to 28 U.S.C. section 1915, a district court may authorize the commencement of a civil action *in forma pauperis* if the court is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. 28 U.S.C. § 1915(a)(1). The court may deny *in forma pauperis* status, however, if it appears from the face of the proposed complaint that the action is frivolous or without merit. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Tripati v. First National Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). In addition, federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12(h)(3); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. *Id.*

Having reviewed the Notice of Removal of Civil Action and the underlying complaint in

[1] The Court notes that while Anderson has listed himself as the Plaintiff on the initiating case documents (*i.e.*, the Notice of Removal of Civil Action), he is a named defendant in the underlying removed action, Case No. RG 13-681245.

United States District Court
Northern District of California

this action (*see* Dkt. No. 1), it does not appear that this Court has subject matter jurisdiction over this action. The original complaint in this action, filed by Louden, LLC, alleges a claim for unlawful detainer and explicitly states that the amount demanded does not exceed $10,000. Anderson's Notice of Removal states that this Court has "original jurisdiction . . . pursuant to 15 U.S.C. 1692 28 USC 1331, 1339 [*sic*], and is removable pursuant to 28 USC 1442(a) and 1443(1)." (Notice of Removal at 2.) Anderson states that jurisdiction arises under 28 U.S.C. section 1339 because "Louden, LLC did not comply with the California code of civil procedure and U.S.C. 362." (*Id.*) Moreover, Anderson argues that Louden "seek[s] to recover Pre-petition debts the U.S. Bankruptcy Court Order clearly stated Defendant was not entitled to recover in a state court action for possession of property." (*Id.*)

Pursuant to 28 U.S.C. section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Under 28 U.S.C. section 1331, a district court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The burden of establishing federal jurisdiction is on the party seeking removal, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992) (internal citations omitted). Accordingly, "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* at 566. A district court *must* remand the case to state court if it appears at any time before final judgment that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. *Vaden v. Discovery Bank*, 556 U.S. 49, 60 (2009). Defenses and counterclaims asserting a federal question *do not satisfy this requirement*. *Id.*; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense."). The federal question must be presented by the plaintiff's complaint *as it stands at the time of removal*. The record indicates that

United States District Court
Northern District of California

Louden's state court complaint presents a claim for unlawful detainer. The complaint is clearly captioned as a "Complaint – Unlawful Detainer" and does not allege any federal claims whatsoever. Anderson's allegation in the Notice of Removal that the "State Court does not have lawful jurisdiction over him" does not provide this Court with original jurisdiction.[2] Similarly, Anderson's claims that Louden did not comply with the California Code of Civil Procedure "and U.S.C. 362" and that Louden's actions somehow violate a bankruptcy court order are defenses to the underlying state court action, at best, not claims that exist *on the face of the well-pleaded complaint*.

Moreover, the statutes upon which Louden relies for the propriety of removal and original jurisdiction do not create a federal question, as they are either not applicable or are unsubstantiated. First, 28 U.S.C. section 1339, which provides that "district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to the postal service," has no applicability to this unlawful detainer action. Second, 15 U.S.C. section 1692 details Congressional findings with regard to abusive debt collection practices. While not providing a right of action in and of itself, this section, at best, constitutes a counterclaim or defense of Anderson's, which does not provide this Court with original jurisdiction. Third, Anderson has not explained how 28 U.S.C. section 1442(a) ("Section 1442") applies to this unlawful detainer action, nor is there any apparent reason to the Court that this action is "against or directed to" any person satisfying the requirements listed in sub-sections (1)–(4).[3] While Anderson's Application to Proceed *in Forma Pauperis* states

[2] Moreover, there is no diversity jurisdiction in this matter. The complaint indicates that the amount demanded does not exceed $10,000. As such, removal to federal court cannot be based on diversity jurisdiction. 28 U.S.C §§ 1441(b) & 1332(a).

[3] Section 1442 provides: "(a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.
> (2) A property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States.

that his spouse, Freddie Edwards Anderson, is employed by the County of Alameda Human Resources (Dkt. No. 2 at 2), being an employee of the County of Alameda does not qualify as an officer of the United States.

Finally, Anderson fails to satisfy the two-part test to remove a case under 28 U.S.C. section 1443. Section 1443 provides for the removal of any civil or criminal case commenced in state court "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]" 28 U.S.C. § 1443(1). To remove a case under section 1443(1), "the petitioners must [first] assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *Patel v. Del Taco*, 446 F.3d 996, 999 (9th Cir. 2006) (quoting *Cal. v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970)). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Patel*, 446 F.3d at 999 (quoting *Sandoval*, 434 F.2d at 636). A removal notice under section 1443(2) is proper only by federal officers or persons assisting such officers in performing their duties under federal civil rights laws. *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 828 (1966); *Miller v. Lambeth*, 443 F.3d 757, 761 (10th Cir. 2006).[4]

The Notice of Removal does not identify an "explicit statutory enactment protecting equal racial civil rights" nor any state statute or constitutional provision that "purports to command the state courts to ignore the federal rights." Anderson's statement that removal is proper under 28 U.S.C. section 1443(1) is entirely conclusory in nature. Section 1443(1) will not provide jurisdiction where allegations of discrimination are conclusory and lacking factual basis. *See*

---

(3) Any officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties;
(4) Any officer of either House of Congress, for or relating to any act in the discharge of his official duty under an order of such House."

[4] Anderson does not seem to assert removal is proper under section 1443(2), and regardless, that section would not apply in this instance; consequently, the Court addresses removal under only sub-section (1).

United States District Court
Northern District of California

*Bogart v. California*, 355 F.2d 377, 380–81 (9th Cir. 1966). Consequently, removal is not proper under section 1443. *Gaus*, 980 F.2d at 566 (federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance); 28 U.S.C. § 1447(c) (district court must remand the case to state court if it appears at any time before final judgment that the district court lacks subject matter jurisdiction).

For the foregoing reasons, this Court lacks subject matter jurisdiction over this unlawful detainer action. Because neither 28 U.S.C. sections 1442(a) nor 1443(1) provide this Court with removal jurisdiction, this action in its entirety is **REMANDED** to the Alameda County Superior Court. All pending motions are **DENIED AS MOOT** in light of this remand.

The Clerk of this Court is further ordered to forward certified copies of this Order and all docket entries to the Clerk of the Alameda County Superior Court.

This Order terminates all pending docket items.

**IT IS SO ORDERED.**

Dated: July 8, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**